UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| FRANK BRETT, | : |
| Plaintiff, | : Civil No. 12-5323(NLH)(AMD) |
| v. | : |
| | : **MEMORANDUM AND ORDER** |
| U.S. MARSHAL CHRIS, et al., | : |
| Defendants. | : |

Plaintiff, Frank Brett, appearing *pro se*, having filed a complaint against numerous defendants alleging, as the Court can best decipher, that his life has been threatened, he has been run over by cars several times, he has been retaliated against, and has been slandered; but

The Court noting that plaintiff has failed to pay the $350.00 filing fee, and he has failed to submit a complete application to proceed in forma pauperis;[1]

---

[1] Pursuant to 28 U.S.C. § 1915(a)(1), a court may allow a litigant to proceed without prepayment of fees if he submits a proper IFP application. Although Section 1915 refers to "prisoners," Federal courts apply Section 1915 to non-prisoner IFP applications. See Hickson v. Mauro, 2011 WL 6001088, *1 (D.N.J. 2011) (citing cases).
  Additionally, even though it appears that plaintiff's complaint has failed to comply with Federal Civil Procedure Rule 8 by not including (1) a short and plain statement of the grounds upon which the Court's jurisdiction depends, (2) a short and plain statement of Plaintiff's claim showing that he is entitled to relief, and (3) a demand for judgment, the Court cannot review the sufficiency of plaintiff's complaint until after he pays the filing fee or is granted IFP status. See 28 U.S.C. § 1915(e)(2) (directing that the court "shall dismiss the case at any time if

1

Therefore,

IT IS HEREBY on this ___29th___ day of_April___, 2013;

ORDERED that the Clerk of the Court shall administratively terminate this case; and it is further

ORDERED that if Plaintiff wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets Room 1050, Camden, NJ 08101, within 30 days of the date of entry of this Order; Plaintiff's writing shall include either (1) a complete, signed in forma pauperis application, or (2) the $350 filing fee; and it is further

ORDERED that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, and either a complete in forma pauperis application or filing fee, within the time allotted by this Court, the Clerk of the Court will be directed to reopen this case; and it is further

ORDERED shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

At Camden, New Jersey

___s/ Noel L. Hillman___
NOEL L. HILLMAN
United States District Judge

---

the court determines that . . . the action . . . fails to state a claim on which relief may be granted"); Rodenbaugh v. Cararco, 244 Fed. Appx. 437, 438 (3d Cir. 2007) (explaining that § 1915(e)(2) sets forth grounds for dismissing a non-prisoner *pro se* complaint after IFP status has been granted, not for denying IFP status in the first place).